United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20417
Summary Calendar

DIRECTV INC.,

Plaintiff-Appellee,

versus

JAMES RANDALL FORMAN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-1770
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

James Randall Forman appeals the district court's order

granting summary judgment to DirecTV, Inc. in a suit filed under

47 U.S.C. § 605, 18 U.S.C. §§ 2511 and 2512, and TEX. CIV. PRAC.

& REM. CODE § 123.002 for the unauthorized interception of

DirecTV's satellite signal.  DirecTV alleged that Forman

purchased more than 40 pirate satellite decoding devices so that

he and his friends and co-workers could receive unauthorized

satellite television programming.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Forman argues, inter alia, that 1) the district court erroneously granted summary judgment and determined the amount of damages in violation of his right to have a jury determine any damages, 2) TEX. CIV. PRAC. & REM. CODE § 123.002 does not apply to the interception of satellite signals and that, even if it does apply, the statute is preempted by the federal Copyright Act, and 3) 18 U.S.C. § 2511 applies only to electronic communications transmitted through a wire or cable and does not apply to satellite signals.  Forman did not present these arguments in opposition to summary judgment, and they are waived.  See Vaughner v. Pulito, 804 F.2d 873, 877 n.2 (5th Cir. 1986).

Forman also argues that there is no private right of action available under 18 U.S.C. § 2512.  Because the district court agreed with this argument and did not refer to 18 U.S.C. § 2512 in calculating damages, the argument is moot and we do not address it.  See DeFunis v. Odegaard, 416 U.S. 312, 316 (1974).

Forman argues that the district court miscalculated damages based on the purchase of 47 devices when he actually purchased only 42 devices.  The record supports the district court's decision, and Forman has failed to show a genuine issue of material fact.  See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc).  Although Forman also argues that DirectTV's notice of cross-appeal was untimely, we do not address the issue because the cross-appeal has been dismissed on DirecTV's motion.

AFFIRMED.